USCA1 Opinion

 

 February 4, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1525 NATIONAL LABOR RELATIONS BOARD, Petitioner, v. ACME TILE AND TERRAZZO CO.; ADMIRAL TILE CO., INC.; JOLICOEUR RESMINI CO., INC. AND ROMAN TILE & TERRAZZO CO., Respondents. ____________________ UNITED BROTHERHOOD OF CARPENTERS LOCAL 36-T, Intervenor. ____________________ No. 92-1595 ACME TILE AND TERRAZZO CO.; ADMIRAL TILE CO., INC.; JOLICOEUR & RESMINI CO., INC. AND ROMAN TILE & TERRAZZO CO., Petitioners, v. NATIONAL LABOR RELATIONS BOARD, Respondent. ____________________ UNITED BROTHERHOOD OF CARPENTERS LOCAL 36-T, Intervenor. ____________________ ON APPLICATION FOR ENFORCEMENT AND CROSS-PETITION FOR REVIEW OF AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD ____________________ Before Torruella and Cyr, Circuit Judges, ______________ Keeton,* District Judge. ______________ _____________________ Girard R. Visconti, with whom Visconti & Petrocelli Ltd., ___________________ ___________________________ were on brief for Acme Tile and Terrazzo Co.; Admiral Tile Co., Inc.; Jolicoeur & Resmini Co., Inc. and Roman Tile & Terrazzo Co. David Habenstreit, Attorney, National Labor Relations Board, _________________ with whom Jerry M. Hunter, General Counsel, Yvonne T. Dixon, ________________ ________________ Acting Deputy General Counsel, Nicholas E. Karatinos, Acting _______________________ Associate General Counsel, Aileen A. Armstrong, Deputy Associate ___________________ General Counsel, and Peter Winkler, Supervisory Attorney, were _____________ on brief for National Labor Relations Board. ____________________ ____________________ ____________________ * Of the District of Massachusetts, sitting by designation. Per Curiam. This is an appeal of a National Labor ___________ Relations Board (the "Board") decision that appellants, Acme Tile and Terrazzo Co., Roman Tile and Terrazzo, Jolicoeur & Resmini Co., and Admiral Tile Co., Inc. (the "employers"), violated 8(a)(1), (2), and (3) of the National Labor Relations Act (the "Act"), 29 U.S.C. 151, et seq. (1973). Specifically, the Board ______ found that the employers conditioned employees' further employment on their membership in an employer-recognized Union before the statutorily required, seven day grace period ended. Because we find that the Board based its decision on an erroneous assumption, we vacate the order and remand for proceedings consistent with this opinion. BACKGROUND BACKGROUND __________ The employers entered a contract with the International Union of Bricklayers and Allied Craftsmen, Local No. 1 Rhode Island (the "Union"). The contract required employees to join the Union within eight days of the agreement's execution. The administrative law judge (the "ALJ") found that on March 31, 1989, the employers told the employees that they must secure a referral from the Union by April 3, 1989, two days after the agreement's execution, if they wanted to continue working, and that the employees would have to join the Union. The ALJ concluded that the employer's actions did not violate the Act. On appeal, the Board found that the employers did violate the Act. In arriving at this conclusion, it erroneously noted that the ALJ credited testimony that on March 31, 1989, the employers -3- required their employees to join the Union by April 3, 1989 in ____ order to keep their jobs. The Board and the ALJ agreed that regardless of the employer's actual words, the employees did not join the Union and did not work on April 3. LEGAL ANALYSIS LEGAL ANALYSIS ______________ We will enforce an order by the Board if the Board correctly applied the law and if substantial evidence on the record supports the Board's factual findings. Destiler a __________ Serrall s, Inc. v. NLRB, 882 F.2d 19, 20-22 (1st Cir. 1989) ________________ ____ (quoting Penntech Papers, Inc. v. NLRB, 706 F.2d 18, 22-23 (1st _____________________ ____ Cir. 1983)). The Act requires a seven day grace period for employees to join an employer-recognized union in the construction industry. 29 U.S.C. 158(f) (1973). Thus, if the employers required the employees to join the Union by April 3, only two days into that grace period, they violated the Act. It is unclear, however, whether substantial evidence on the record would support the Board's factual findings. At least five employees testified that the employers required them to join the Union by April 3. Additionally, the employers testified that they required the employees to get a Union referral by April 3, and the employers presented no evidence that the Union would have referred the employees if they refused to join the Union at that time. Rather than basing its factual determination on the evidence presented, however, the Board's opinion relied on the incorrect assumption that the ALJ found that the employers -4- required the employees to join the Union by April 3. See Acme ___ Tile and Terrazzo Co., 306 N.L.R.B. 83, at 2 (1992). In reality, the ALJ found that the employers required the employees to get a Union referral by April 3, and to join the Union by April 9, the date prescribed in the contract. Indeed, the ALJ's opinion specifically stated that the employers did not condition ___ employment on immediate membership in the Union. See Acme Tile ___ and Terrazzo Co., 1991 N.L.R.B. LEXIS 689, at *34 (A.L.J. Apr. 8, 1991). Accordingly, we vacate the Board's order and remand for a determination of whether the employers explicitly or implicitly conditioned continued employment on immediate membership in the Union. Vacated and remanded. ____________________ -5-